```
 1              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF TENNESSEE
 2                      GREENEVILLE

 3
    UNITED STATES OF AMERICA,  .  DOCKET NO. CR-2-21-138
 4                              .
          GOVERNMENT,           .
 5                              .
             VS.                .  GREENEVILLE, TN
 6                              .  JUNE 2, 2022
    ANTONIO MARK HARVEY,        .  8:33 A.M.
 7                              .
          DEFENDANT.            .
 8                              .
    .  .  .  .  .  .  .  .  .   .
 9
    UNITED STATES OF AMERICA,  .  DOCKET NO. CR-2-21-4
10                              .
          GOVERNMENT,           .
11                              .
             VS.                .
12                              .
    BARRY JONES,                .
13                              .
          DEFENDANT.            .
14                              .
    .  .  .  .  .  .  .  .  .   .
15
    UNITED STATES OF AMERICA,  .  DOCKET NO. CR-2-21-105
16                              .
          GOVERNMENT,           .
17                              .
             VS.                .
18                              .
    MAX K. CAREY,               .
19                              .
          DEFENDANT.            .
20                              .
    .  .  .  .  .  .  .  .  .   .
21

22

23              TRANSCRIPT OF CHANGE OF PLEAS
              BEFORE THE HONORABLE CLIFTON L. CORKER
24               UNITED STATES DISTRICT JUDGE

25
```

```
 1   APPEARANCES:

 2   FOR THE GOVERNMENT:      U.S. DEPARTMENT OF JUSTICE
                              OFFICE OF U.S. ATTORNEY
 3                           D. WAYNE TAYLOR, AUSA
                              EMILY MICHELLE SWECKER, AUSA
 4                           THOMAS ANTHONY MCCAULEY, AUSA
                              220 WEST DEPOT STREET, SUITE 423
 5                           GREENEVILLE, TN 37743

 6   FOR THE DEFENDANT        FEDERAL DEFENDER SERVICES OF
     HARVEY:                  EASTERN TENNESSEE, INC.
 7                           KAYCEE MARIE ROBERTS, ESQ.
                              129 WEST DEPOT STREET, SUITE ONE
 8                           GREENEVILLE, TN 37743

 9   FOR THE DEFENDANT        TIMOTHY W. HUDSON, ESQ.
     JONES:                   131 EIGHTH STREET
10                           BRISTOL, TN 37621

11   FOR THE DEFENDANT        FEDERAL DEFENDER SERVICES OF
     CAREY:                   EASTERN TENNESSEE, INC.
12                           KAYCEE MARIE ROBERTS, ESQ.
                              129 WEST DEPOT STREET, SUITE ONE
13                           GREENEVILLE, TN 37743

14

15

16

17

18

19

20

21

22   COURT REPORTER:          KAREN J. BRADLEY
                              RPR-RMR
23                           U.S. COURTHOUSE
                              220 WEST DEPOT STREET
24                           GREENEVILLE, TN 37743

25   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
     PRODUCED BY COMPUTER.
```

1    (CALL TO ORDER OF THE COURT AT 8:33 A.M.)

2         THE COURT:  ALL RIGHT.  GOOD MORNING.

3         MR. HENRY:  GOOD MORNING, YOUR HONOR.

4         THE COURT:  ALL RIGHT.  DO YOU WANT TO CALL OUR

5    CASES THIS MORNING.

6         THE CLERK:  CASE NUMBER 2:21-CR-138, USA VERSUS

7    ANTONIO HARVEY; CASE NUMBER CR:2-21-4, USA VERSUS BARRY

8    JONES; CASE NUMBER 2:21-CR-105, USA VERSUS MAX CAREY.

9         (DEFENDANTS SWORN)

10        THE COURT:  ALL RIGHT.  GOOD MORNING.

11        THE COURT'S INFORMED THAT EACH OF THE DEFEN-

12   DANTS HERE TODAY ARE GOING TO BE CHANGING THEIR PLEA TO A

13   PLEA OF GUILTY, AND LET ME HAVE EACH OF THE DEFENDANTS --

14   LET ME JUST TELL YOU WHAT WE'RE GOING TO DO.  I'M GOING TO

15   BE ASKING, MR. HARVEY, I'M GOING TO BE ASKING YOU THE

16   QUESTION FIRST, OKAY, AND WHAT'S YOUR NAME?

17        MR. HENRY:  MICHAEL HENRY --

18        THE COURT:  MICHAEL HENRY, OKAY.

19        MR. HENRY:  -- WITH THE FEDERAL DEFENDER

20   SERVICES.

21        THE COURT:  OKAY.  VERY GOOD.  WELCOME HERE.

22        MR. HENRY:  YES, SIR.  THANK YOU.

23        THE COURT:  AND I'LL HAVE, MR. HARVEY, I'LL

24   HAVE YOU ANSWER MY QUESTION, FIRST, OKAY; AND THEN AFTER

25   YOU ANSWER THE QUESTIONS, MR. JONES, THAT'S WHEN I WANT

1    YOU TO ANSWER THE QUESTION, OKAY; AND THEN, MR. CAREY,

2    THEN I'LL HAVE YOU ANSWER AFTER MR. JONES ANSWERS, OKAY.

3              ALL RIGHT.  LET ME FIRST GET YOU TO IDENTIFY

4    EACH OF YOURSELVES.  MR. HARVEY, WE'LL BEGIN WITH YOU,

5    WHAT'S YOUR FULL NAME?

6              DEFENDANT HARVEY:  ANTONIO MARK HARVEY.

7              THE COURT:  AND LET ME HAVE YOU STEP UP TO THE

8    MICROPHONE SO I CAN HEAR YOU.

9              ALL RIGHT, SAY YOUR NAME AGAIN, PLEASE.

10             DEFENDANT HARVEY:  ANTONIO MARK HARVEY.

11             THE COURT:  ALL RIGHT, AND MR. JONES?

12             DEFENDANT JONES:  BARRY LYNN JONES.

13             THE COURT:  ALL RIGHT.

14             DEFENDANT CAREY:  MAX K. CAREY.

15             THE COURT:  OKAY, AND, MR. JONES, LET ME JUST

16   ASK YOU, I DID GET A LETTER YESTERDAY FROM YOU, ARE YOU

17   READY TO PROCEED TODAY?

18             DEFENDANT JONES:  YES, SIR.

19             THE COURT:  ALL RIGHT.  THE COURT IS INFORMED

20   THAT EACH OF YOU WANT TO CHANGE YOUR PLEA TO A PLEA OF

21   GUILTY.  BEFORE ACCEPTING YOUR PLEA THERE ARE A NUMBER OF

22   QUESTIONS THAT I HAVE TO ASK YOU TO MAKE SURE THE PLEA IS

23   A VALID ONE.  IF YOU DON'T UNDERSTAND ANY OF MY QUESTIONS,

24   PLEASE HAVE ME TO EXPLAIN IT TO YOU, AND I'M HAPPY TO DO

25   SO.  EACH OF YOU ARE REPRESENTED BY COUNSEL THIS MORNING,

1   AND YOU CAN CONSULT WITH YOUR ATTORNEY IF YOU HAVE ANY

2   DOUBT ABOUT THE QUESTION OR IF YOU FEEL THE NEED TO TALK

3   TO THEM AT ALL, OKAY?

4           DO YOU UNDERSTAND THAT YOU ARE NOW UNDER OATH

5   AND THAT IF YOU ANSWER ANY OF MY QUESTIONS FALSELY, YOUR

6   ANSWERS MAY BE USED AGAINST YOU IN ANOTHER PROSECUTION FOR

7   PERJURY OR FOR MAKING A FALSE STATEMENT?   MR. HARVEY, DO

8   YOU UNDERSTAND THAT?

9           DEFENDANT HARVEY:  YES, YES.

10          THE COURT:  OKAY.

11          DEFENDANT JONES:  YES, SIR.

12          DEFENDANT CAREY:  YES, SIR.

13          THE COURT:  ALL RIGHT.  MR. HARVEY, WERE YOU

14  BORN IN THE UNITED STATES?

15          DEFENDANT HARVEY:  YES.

16          THE COURT:  MR. JONES?

17          DEFENDANT JONES:  YES, SIR.

18          DEFENDANT CAREY:  YES.

19          THE COURT:  OKAY, AND HOW OLD ARE YOU?

20          DEFENDANT HARVEY:  THIRTY-THREE.

21          THE COURT:  THIRTY-THREE, OKAY.

22          DEFENDANT JONES:  FORTY-EIGHT.

23          DEFENDANT CAREY:  THIRTY-ONE.

24          THE COURT:  ALL RIGHT.  AND HOW FAR DID YOU GO

25  IN SCHOOL, MR. HARVEY?

1              DEFENDANT HARVEY:  GRADUATED.

2              THE COURT:  FROM HIGH SCHOOL?

3              DEFENDANT HARVEY:  YEAH.

4              THE COURT:  OKAY.

5              DEFENDANT JONES:  TENTH GRADE, HIGH SCHOOL.

6              DEFENDANT CAREY:  TWELFTH GRADE.

7              THE COURT:  ALL RIGHT.  CAN YOU READ AND WRITE?

8              DEFENDANT HARVEY:  YES.

9              DEFENDANT JONES:  YES.

10             DEFENDANT CAREY:  YES.

11             THE COURT:  ALL RIGHT.  ARE YOU NOW OR HAVE YOU

12    RECENTLY BEEN TREATED FOR ANY MENTAL ILLNESS OR ADDICTION

13    TO NARCOTIC DRUGS OF ANY KIND?

14             DEFENDANT HARVEY:  YES.

15             THE COURT:  AND TELL ME ABOUT THAT, WHAT HAVE

16    YOU BEEN DIAGNOSED WITH OR TREATED FOR?

17             DEFENDANT HARVEY:  I CAN'T REMEMBER -- I CAN'T

18    REMEMBER.

19             THE COURT:  HAVE YOU EVER BEEN DIAGNOSED WITH A

20    MENTAL ILLNESS?

21             DEFENDANT HARVEY:  NO, NO.

22             THE COURT:  YOU'RE JUST TALKING ABOUT TREATMENT

23    FOR SUBSTANCE ABUSE?

24             DEFENDANT HARVEY:  YES.

25             THE COURT:  OKAY.  DO YOU KNOW HOW LONG AGO YOU

1    WERE TREATED FOR SUBSTANCE ABUSE?

2        (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT

3    HARVEY AND HIS ATTORNEY)

4            DEFENDANT HARVEY:  A COUPLE OF YEARS AGO.

5            THE COURT:  A COUPLE OF YEARS AGO, OKAY.  ALL

6    RIGHT, AND YOU HAVE NOT BEEN DIAGNOSED WITH ANY MENTAL

7    ILLNESSES AT ALL, MR. HARVEY?

8            MR. HENRY:  ANY MENTAL ILLNESS?

9            DEFENDANT HARVEY:  NO, DEPRESSION, SOME

10   DEPRESSION.

11           MR. HENRY:  SOME TYPE OF DEPRESSION, YOUR

12   HONOR, MAYBE IN THE PAST HE'S BEEN DIAGNOSED WITH

13   DEPRESSION.

14           THE COURT:  UH-HUH, OKAY.  ALL RIGHT.  YOU'RE

15   NOT, YOU'RE NOT TAKING ANY MEDICINE TODAY; ARE YOU?

16           DEFENDANT HARVEY:  NO.

17           THE COURT:  ALL RIGHT.  MR. JONES, LET ME

18   REPEAT THE QUESTION, HAVE YOU -- ARE YOU NOW OR HAVE YOU

19   RECENTLY BEEN TREATED FOR ANY KIND OF MENTAL ILLNESS OR

20   ADDICTION TO NARCOTIC DRUGS OF ANY KIND?

21           DEFENDANT JONES:  I HAVE BEEN TREATED FOR DRUG

22   ABUSE, BUT NOT AT THIS TIME, AND NO MENTAL ILLNESS.

23           THE COURT:  AND NO MENTAL HEALTH DIAGNOSES?

24           DEFENDANT JONES:  NO, SIR.

25           THE COURT:  OKAY, AND, MR. CAREY?

1    DEFENDANT CAREY:  NO MENTAL HEALTH, I HAVE BEEN

2    TREATED FOR DRUG ADDICTION.

3    THE COURT:  HOW LONG AGO WAS THAT?

4    DEFENDANT CAREY:  IT WAS 2013, '14.

5    THE COURT:  OKAY.  ALL RIGHT.  HAVE YOU TAKEN

6    ANY DRUGS, MEDICINE, PILLS OR ALCOHOLIC BEVERAGES OF ANY

7    KIND WITHIN THE LAST 24 HOURS?

8    DEFENDANT HARVEY:  NO.

9    DEFENDANT JONES:  NO, SIR.

10   DEFENDANT CAREY:  NO, SIR.

11   THE COURT:  ALL RIGHT.  AND DO YOU UNDERSTAND

12   WHAT'S HAPPENING HERE TODAY?

13   MR. HENRY:  DO YOU UNDERSTAND WHAT YOU'RE DOING

14   HERE TODAY?  TODAY IS YOUR PLEA DAY, YOU'RE PLEADING

15   GUILTY.

16   DEFENDANT HARVEY:  YEAH.

17   DEFENDANT JONES:  YES, SIR.

18   DEFENDANT CAREY:  YES, SIR.

19   THE COURT:  AND I WOULD ASK EACH DEFENSE

20   COUNSEL, DO YOU CONSIDER YOUR CLIENT COMPETENT TO ENTER A

21   PLEA OF GUILTY?

22   MR. HENRY:  YES, YOUR HONOR, I DO.

23   THE COURT:  OKAY.

24   MR. HUDSON:  I DO, YOUR HONOR.

25   MS. ROBERTS:  YES, YOUR HONOR.

1          THE COURT:  ALL RIGHT.  I KNOW MR. HARVEY HAS

2    BEEN KIND OF HESITANT TO ANSWER, DOES THAT GIVE YOU ANY

3    CONCERN ABOUT -- IS THIS HOW NORMALLY HE CONDUCTS HIMSELF?

4          MR. HENRY:  SOMEWHAT, YOUR HONOR.  TODAY MAY BE

5    A MORE DIFFICULT DAY.  I DON'T KNOW IF IT'S BECAUSE IT'S

6    SO EARLY, I'M NOT SURE IF THEY JUST TRANSPORTED HIM TODAY;

7    BUT WE HAVE BEEN ABLE TO COMMUNICATE, WE DEFINITELY ARE

8    ABLE TO COMMUNICATE.  I DO BELIEVE HE'S COMPETENT, I JUST

9    THINK HE'S HAVING A BAD DAY TODAY.

10         THE COURT:  IS HE?  OKAY.  ALL RIGHT.

11   MR. HARVEY, IF YOU DO HAVE ANY CONCERN ABOUT GOING FORWARD

12   TODAY, LET ME KNOW, OKAY?  WE CAN STOP THIS PROCEEDING,

13   LET YOU TAKE A BREAK, AND WE CAN COME BACK AND DEAL WITH

14   YOU INDIVIDUALLY IF YOU WANT US TO, OKAY?

15         DEFENDANT HARVEY:  (NODS HEAD UP AND DOWN).

16         THE COURT:  ALL RIGHT.  YOU JUST LET ME KNOW IF

17   YOU ARE HESITANT AT ALL, OKAY?  DO YOU FEEL OKAY GOING

18   FORWARD?

19         DEFENDANT HARVEY:  YES.

20         THE COURT:  OKAY.  ALL RIGHT.  HAVE YOU

21   RECEIVED A COPY OF THE INDICTMENT PENDING AGAINST YOU IN

22   THIS CASE, THOSE ARE THE CHARGES AGAINST YOU, HAVE YOU

23   RECEIVED THAT, MR. HARVEY?

24         DEFENDANT HARVEY:  YES.

25         THE COURT:  MR. JONES?

1          DEFENDANT JONES:  YES.

2          THE COURT:  OKAY.

3          DEFENDANT CAREY:  YES.

4          THE COURT:  AND HAVE YOU READ THE INDICTMENT OR

5    HAD IT READ TO YOU?

6          DEFENDANT HARVEY:  YES.

7          DEFENDANT JONES:  YES.

8          DEFENDANT CAREY:  YES.

9          THE COURT:  AND HAVE YOU HAD AMPLE OPPORTUNITY

10   TO DISCUSS YOUR CASE WITH YOUR ATTORNEY?

11         DEFENDANT HARVEY:  YES.

12         DEFENDANT JONES:  YES.

13         DEFENDANT CAREY:  YES.

14         THE COURT:  AND HAVE YOU DISCLOSED ALL FACTS

15   THAT YOU KNOW ABOUT THE CASE TO YOUR ATTORNEY?

16         DEFENDANT HARVEY:  YES.

17         DEFENDANT JONES:  YES.

18         DEFENDANT CAREY:  YES.

19         THE COURT:  AND HAS YOUR ATTORNEY ADVISED YOU

20   OF THE NATURE AND THE MEANING OF THESE CHARGES?

21         MR. HENRY:  HAVE I ADVISED YOU OF THE NATURE

22   AND THE MEANING OF THE CHARGES?

23         DEFENDANT HARVEY:  YES.

24         DEFENDANT JONES:  YES.

25         DEFENDANT CAREY:  YES.

1      THE COURT:  AND HAS YOUR ATTORNEY ALSO ADVISED

2  YOU AS TO EVERY ELEMENT OF THE OFFENSES WHICH THE

3  GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IN ORDER

4  TO OBTAIN A CONVICTION FOR THIS OFFENSE?

5      DEFENDANT HARVEY:  YES.

6      DEFENDANT JONES:  YES.

7      DEFENDANT CAREY:  YES.

8      THE COURT:  HAS YOUR ATTORNEY EXPLAINED TO YOU

9  THE MEANING OF ALL WORDS USED IN THE INDICTMENT WHICH YOU

10  DIDN'T UNDERSTAND?

11      DEFENDANT HARVEY:  YES.

12      DEFENDANT JONES:  YES.

13      DEFENDANT CAREY:  YES.

14      THE COURT:  AND HAS YOUR ATTORNEY ALSO ADVISED

15  YOU AS TO ANY DEFENSE YOU MIGHT HAVE TO THESE CHARGES?

16      DEFENDANT HARVEY:  YES.

17      DEFENDANT JONES:  YES.

18      DEFENDANT CAREY:  YES.

19      THE COURT:  AND ARE YOU SATISFIED WITH YOUR

20  ATTORNEY'S REPRESENTATION OF YOU?

21      DEFENDANT HARVEY:  YES.

22      DEFENDANT JONES:  YES.

23      DEFENDANT CAREY:  YES.

24      THE COURT:  AND TO COUNSEL, ARE YOU SATISFIED

25  THAT YOUR CLIENT UNDERSTANDS THE NATURE OF THE CHARGES,

1  THE ELEMENTS OF THE OFFENSES CHARGED AND THE LEGAL MEANING
2  OF THE WORDS USED IN THE INDICTMENT?
3              MR. HENRY:  YES, YOUR HONOR.
4              MR. HUDSON:  YES, YOUR HONOR.
5              MS. ROBERTS:  YES, YOUR HONOR.
6              THE COURT:  ALL RIGHT.  NOW, I UNDERSTAND
7  THERE'S A PLEA AGREEMENT FOR EACH OF YOU, DID YOU HAVE
8  AMPLE OPPORTUNITY TO READ AND DISCUSS YOUR PLEA AGREEMENT
9  WITH YOUR ATTORNEY BEFORE YOU SIGNED IT?
10     (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT
11 HARVEY AND HIS ATTORNEY)
12             MR. HENRY:  BRIEF INDULGENCE, YOUR HONOR.
13     (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT
14 HARVEY AND HIS ATTORNEY)
15             MR. HENRY:  YOUR HONOR, MR. HARVEY HAS ASKED ME
16 A QUESTION ABOUT HIS ACCEPTANCE OF RESPONSIBILITY.  IN THE
17 PLEA AGREEMENT IT SPEAKS TO A TWO POINT REDUCTION AND THAT
18 HE MAY IN FACT QUALIFY FOR A THREE POINT REDUCTION.  I
19 TOLD HIM THIS IS SOMETHING WE MOST LIKELY WILL ADDRESS AT
20 SENTENCING.
21             THE COURT:  RIGHT.
22             MR. HENRY:  BUT THAT VERY WELL MAY BE A
23 DISCREPANCY IN THE PLEA AGREEMENT.
24             THE COURT:  OKAY.  WELL, MY QUESTION WAS, WAS
25 HAS HE READ AND DISCUSSED IT OR HAS HE READ AND DISCUSSED

1    THE PLEA AGREEMENT WITH YOU.

2        (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT

3    HARVEY AND HIS ATTORNEY)

4            THE COURT:  I MEAN, OBVIOUSLY I'M NOT GOING TO

5    ACCEPT A PLEA AGREEMENT TODAY, BUT -- AND WHAT ARE YOU

6    TALKING ABOUT, THERE'S A DISCREPANCY IN THE PLEA

7    AGREEMENT?

8            MR. HENRY:  NOT SO MUCH A DISCREPANCY, YOUR

9    HONOR, JUST -- IT SPEAKS TO IN PARAGRAPH 7 THAT IF THE

10   DEFENDANT'S OFFENSE LEVEL IS A 16 OR GREATER AND THE

11   DEFENDANT IS AWARDED THE TWO LEVEL REDUCTION, AND

12   MR. HARVEY JUST WANTS TO MAKE SURE IF HE IS IN FACT A 16

13   OR GREATER THAT HE WOULD GET A THREE LEVEL REDUCTION.  IT

14   COULD BE A TYPO.

15           THE COURT:  WELL, WHAT HAPPENS IS IF HIS

16   OFFENSE LEVEL IS GREATER THAN 16, YOU CAN GET UP TO THREE

17   LEVELS, SO -- OF REDUCTION, AND TWO LEVELS, IF IT'S

18   GREATER THAN 16, THE UNITED STATES -- IF IT'S GREATER THAN

19   16, THEY CAN MOVE AT SENTENCING TO REDUCE THE OFFENSE

20   LEVEL BY AN ADDITIONAL LEVEL.

21           MR. HENRY:  YES, SIR.

22           THE COURT:  THAT'S KIND OF STANDARD --

23           MR. HENRY:  YES, SIR.

24           THE COURT:  -- ISN'T IT, OR --

25           MR. TAYLOR:  YOUR HONOR, THIS IS NOT MY CASE,

1    BUT IF I CAN ADDRESS THIS.

2             THE COURT:  YES.

3             MR. TAYLOR:  I MEAN, THIS IS MR. MCCAULEY'S

4    CASE, BUT THIS IS AN 11(C)(1)(C) PLEA AGREEMENT TO A FIXED

5    SENTENCE, SO THE PROVISION THAT APPLIES FOR AN ADDITIONAL

6    LEVELS TO BE MADE REALLY -- THERE IS A DISCREPANCY, THAT

7    SHOULD NOT HAVE BEEN IN THIS PLEA AGREEMENT, THERE IS NO

8    FURTHER REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY JUST TO

9    BE VERY CLEAR ON THE RECORD.  THERE IS AN AGREEMENT HERE

10   AS TO THE ACTUAL SENTENCE IN THIS CASE, AND SO THAT WOULD

11   BE IT.  SO I THINK MR. HENRY IS CORRECT, THERE IS AN ERROR

12   IN THAT FIRST PART OF PARAGRAPH 7, THAT SHOULD NOT HAVE

13   BEEN IN THERE.  THE SENTENCE THAT IS AGREED UPON BY BOTH

14   PARTIES IS 67 MONTHS, AND THEN THERE'S THE REVOCATION

15   AGREEMENT AS WELL.

16            THE COURT:  WHERE'S THE AGREED PUNISHMENT FOR

17   THAT, WHAT PARAGRAPH?

18            MR. TAYLOR:  IT'S IN PARAGRAPH 6, YOUR HONOR.

19            THE COURT:  OKAY.  OKAY.  NOW I SEE IT.

20            MR. TAYLOR:  AND THAT WOULD RESOLVE THE

21   UNDERLYING CASE PLUS THE REVOCATION.

22            IT'S IN THE FOLLOWING PARAGRAPH, PARAGRAPH 7,

23   AND ADDRESSES WHAT WOULD BE A NORMAL CASE THAT'S NOT AN

24   11(C)(1)(C) PLEA, AND THAT'S SOMETHING THAT JUST SLIPPED

25   BY AND IS AN ERROR, SO THERE IS NO ADDITIONAL REDUCTION.

1      THE COURT:  OH, I SEE WHAT I'M DOING.  I --
2  MY -- I HAVE THE WRONG PLEA AGREEMENT THAT I PULLED OUT,
3  SO HAVING ALL THESE DEFENDANTS AT ONE TIME AND THEY'RE NOT
4  IN THE SAME ORDER, SO OKAY, I GET IT.
5      ALL RIGHT.  GOING BACK TO THE QUESTION, HAVE
6  YOU HAD AN AMPLE OPPORTUNITY TO READ AND DISCUSS THE PLEA
7  AGREEMENT WITH YOUR ATTORNEY, MR. HARVEY?
8      DEFENDANT HARVEY:  YES.
9      THE COURT:  OKAY.
10     THE COURT:  MR. JONES?
11     DEFENDANT JONES:  YES.
12     DEFENDANT CAREY:  YES.
13     THE COURT:  OKAY, AND HAS YOUR ATTORNEY
14 EXPLAINED TO YOU THE TERMS OF THE PLEA AGREEMENT?
15    (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT
16 HARVEY AND HIS ATTORNEY)
17     THE COURT:  MR. HARVEY?
18     DEFENDANT HARVEY:  YES.
19     THE COURT:  HAS YOUR ATTORNEY EXPLAINED TO YOU
20 THE TERMS OF THE PLEA AGREEMENT?
21     DEFENDANT HARVEY:  YES.
22     THE COURT:  OKAY.  MR. JONES?
23     DEFENDANT JONES:  (NODS HEAD UP AND DOWN).
24     DEFENDANT CAREY:  YES.
25     THE COURT:  OKAY, AND DO YOU UNDERSTAND THE

1    TERMS AND THE CONDITIONS OF THE PLEA AGREEMENT?

2              DEFENDANT HARVEY:  YES.

3              DEFENDANT JONES:  YES.

4              DEFENDANT CAREY:  YES.

5              THE COURT:  ALL RIGHT.  HAS ANYONE MADE ANY

6    PROMISES OR ASSURANCES THAT ARE NOT IN THE PLEA AGREEMENT

7    TO PERSUADE YOU TO ACCEPT IT?  MR. HARVEY?

8              DEFENDANT HARVEY:  NO.

9              DEFENDANT JONES:  NO.

10             DEFENDANT CAREY:  NO.

11             THE COURT:  OKAY.  HAS ANYONE, INCLUDING AN

12   OFFICER OR AGENT OF THE GOVERNMENT, THREATENED YOU IN ANY

13   WAY TO PERSUADE YOU TO ACCEPT THE PLEA AGREEMENT OR FORCE

14   YOU TO ACCEPT THE PLEA AGREEMENT?

15             DEFENDANT HARVEY:  NO.

16             DEFENDANT JONES:  NO.

17             DEFENDANT CAREY:  NO.

18             THE COURT:  ALL RIGHT.  NOW, FOR MR. HARVEY AND

19   MR. JONES, YOU ALL HAVE ENTERED INTO RULE 11(C)(1)(C)

20   AGREEMENTS IN WHICH YOU AND THE UNITED STATES HAVE AGREED

21   TO A SPECIFIC SENTENCE IN YOUR CASE; DO YOU UNDERSTAND

22   THAT?

23             DEFENDANT HARVEY:  YES.

24             DEFENDANT JONES:  YES.

25             THE COURT:  OKAY.  AND DO YOU UNDERSTAND THAT

1  IF I CHOOSE NOT TO FOLLOW THE TERMS OF YOUR PLEA AGREE-

2  MENT, AND I WILL GIVE YOU AN OPPORTUNITY TO WITHDRAW YOUR

3  GUILTY PLEA, BUT IF YOU CHOOSE NOT TO WITHDRAW YOUR GUILTY

4  PLEA, I MAY SENTENCE YOU TO A SENTENCE THAT'S MORE SEVERE

5  THAN THE SENTENCE CALLED FOR BY YOUR RULE 11(C)(1)(C) PLEA

6  AGREEMENT; DO YOU UNDERSTAND THAT?

7            DEFENDANT HARVEY:  YES.

8            DEFENDANT JONES:  YES, SIR.

9            THE COURT:  ALL RIGHT.  NOW, YOUR PLEA AGREE-

10 MENTS, ALL OF THEM, CONTAIN WHAT WE CALL AN AGREED FACTUAL

11 BASIS.  DID YOU CAREFULLY REVIEW THE FACTUAL BASIS WITH

12 YOUR ATTORNEY BEFORE YOU SIGNED THE PLEA AGREEMENT?

13 MR. HARVEY?

14            DEFENDANT HARVEY:  YES.

15            DEFENDANT JONES:  YES.

16            DEFENDANT CAREY:  YES.

17            THE COURT:  OKAY.  DO YOU AGREE THE FACTUAL

18 BASIS STATED IN YOUR PLEA AGREEMENT IS TRUE?

19            DEFENDANT HARVEY:  YES.

20            DEFENDANT JONES:  YES.

21            DEFENDANT CAREY:  YES.

22            THE COURT:  ALL RIGHT.  IS THERE ANYTHING IN IT

23 AT ALL THAT YOU THINK IS FALSE?  MR. HARVEY?

24            DEFENDANT HARVEY:  NO.

25            DEFENDANT JONES:  NO.

1          DEFENDANT CAREY:  NO.

2          THE COURT:  OKAY.  WILL THE GOVERNMENT

3    PLEASE -- WOULD THE GOVERNMENT BE PREPARED TO PROVE AT

4    TRIAL THE FACTS OUTLINED IN THE RESPECTIVE AGREED FACTUAL

5    BASES?

6          MS. SWECKER:  YES, YOUR HONOR.

7          THE COURT:  OKAY.  ALL RIGHT.  TO DEFENSE

8    COUNSEL, ON BEHALF OF YOUR CLIENT DO YOU AGREE THE FACTUAL

9    BASIS CONTAINED IN THE PLEA AGREEMENT IS ACCURATE AND

10   SATISFIES EACH OF THE ESSENTIAL ELEMENTS OF THE OFFENSE

11   CHARGED?

12         MR. HENRY:  YES, YOUR HONOR.

13         MR. HUDSON:  YES, YOUR HONOR.

14         MS. ROBERTS:  YES, YOUR HONOR.

15         THE COURT:  ALL RIGHT.  HAS THE DEFENDANTS

16   WAIVED ANY APPEAL RIGHTS OR RIGHT TO FILE A SECTION 2255

17   MOTION IN THE PLEA AGREEMENT?

18         MS. SWECKER:  YES, YOUR HONOR.  EACH OF THESE

19   PLEA AGREEMENTS CONTAINS A WAIVER OF THOSE RIGHTS.

20   SPECIFICALLY READING FROM MR. HARVEY'S PLEA AGREEMENT AS

21   SET OUT IN PARAGRAPH 10, HE AGREES NOT TO FILE A DIRECT

22   APPEAL OF THE DEFENDANT'S CONVICTION OR SENTENCE WITH ONE

23   EXCEPTION, THE DEFENDANT RETAINS THE RIGHT TO APPEAL A

24   SENTENCE IMPOSED ABOVE THE SENTENCING GUIDELINE RANGE

25   DETERMINED BY THE COURT OR ABOVE ANY MANDATORY MINIMUM

1  SENTENCE DEEMED APPLICABLE BY THE COURT, WHICHEVER IS

2  GREATER.

3  THE DEFENDANT ALSO WAIVES THE RIGHT TO APPEAL

4  THE COURT'S DETERMINATION AS TO WHETHER THE DEFENDANT'S

5  SENTENCE WILL BE CONSECUTIVE OR PARTIALLY CONCURRENT TO

6  ANY OTHER SENTENCE.

7  THE DEFENDANT AGREES NOT TO FILE ANY MOTIONS OR

8  PLEADINGS PURSUANT TO 28, U.S. CODE, 2255 OR OTHERWISE

9  COLLATERALLY ATTACK THE DEFENDANT'S CONVICTION OR SENTENCE

10  WITH TWO EXCEPTIONS:  THE DEFENDANT RETAINS THE RIGHT TO

11  FILE A 2255 MOTION AS TO PROSECUTORIAL MISCONDUCT AND

12  INEFFECTIVE ASSISTANCE OF COUNSEL.  AND THOSE SAME

13  PROVISIONS ARE ALSO CONTAINED IN MR. JONES' AND MR.

14  CAREY'S PLEA AGREEMENT.

15  THE COURT:  VERY GOOD.

16  ALL RIGHT.  DO YOU UNDERSTAND THAT UNDER YOUR

17  PLEA AGREEMENT WITH THE GOVERNMENT YOU HAVE EXPRESSLY

18  WAIVED YOUR RIGHT TO APPEAL AND WAIVED YOUR RIGHT TO

19  COLLATERALLY ATTACK YOUR CONVICTION AND/OR SENTENCE AS

20  STATED BY THE ASSISTANT U.S. ATTORNEY?  MR. HARVEY?

21  DEFENDANT HARVEY:  YES.

22  DEFENDANT JONES:  YES.

23  DEFENDANT CAREY:  YES.

24  THE COURT:  ALL RIGHT.  HAVE YOU AND YOUR

25  ATTORNEY TALKED ABOUT HOW THIS -- ABOUT THIS WAIVER OF

1  YOUR RIGHTS TO APPEAL AND WAIVER OF YOUR RIGHT TO

2  COLLATERALLY ATTACK YOUR CONVICTION AND SENTENCE?

3  MR. HARVEY?

4          DEFENDANT HARVEY:  YES.

5          THE COURT:  YOU HAVE.  MR. JONES?

6          DEFENDANT JONES:  YES.

7          DEFENDANT CAREY:  YES.

8          THE COURT:  AND, MR. JONES, COULD YOU SPEAK UP

9  A LITTLE BIT LOUDER.

10          DEFENDANT JONES:  OH, YES.

11          THE COURT:  OKAY.  ALL RIGHT.  BEFORE ACCEPTING

12  YOUR PLEA AGREEMENT, I WILL ORDER THE PREPARATION OF A

13  PRESENTENCE REPORT PREPARED BY THE UNITED STATES PROBATION

14  OFFICE, AND I WILL DEFER MY DECISION ON WHETHER OR NOT I

15  HAVE RECEIVED -- UNTIL I HAVE RECEIVED THE PRESENTENCE

16  REPORT; BUT IF I DO REJECT YOUR PLEA AGREEMENT, I WILL

17  ADVISE YOU IN OPEN COURT, AND YOU WILL HAVE THE OPPOR-

18  TUNITY TO WITHDRAW YOUR PLEA AND CHANGE IT TO NOT GUILTY.

19          AND LET ME ASK COUNSEL, WERE ALL FORMAL PLEA

20  OFFERS BY THE GOVERNMENT CONVEYED TO YOUR CLIENT?

21          MR. HENRY:  YES, YOUR HONOR.

22          MR. HUDSON:  YES, YOUR HONOR.

23          MS. ROBERTS:  YES, YOUR HONOR.

24          THE COURT:  ALSO, I HAVE TO MAKE SURE THE PLEA

25  IS VOLUNTARY.  HAS ANYONE ATTEMPTED IN ANY WAY TO FORCE

1   YOU TO PLEAD GUILTY OR TO OTHERWISE THREATEN YOU IN ANY

2   WAY TO GET YOU TO PLEAD GUILTY TODAY?  MR. HARVEY?

3                DEFENDANT HARVEY:  NO.

4                THE COURT:  NO.

5                DEFENDANT JONES:  NO, YOUR HONOR.

6                DEFENDANT CAREY:  NO.

7                THE COURT:  ALL RIGHT.  HAS ANYONE MADE ANY

8   PROMISES OR ASSURANCES OF ANY KIND TO GET YOU TO PLEAD

9   GUILTY TODAY OTHER THAN WHAT THOSE ARE -- OTHER THAN THOSE

10  THAT ARE CONTAINED IN YOUR PLEA AGREEMENT?

11               DEFENDANT HARVEY:  NO.

12               THE COURT:  NO.

13               DEFENDANT JONES:  NO, YOUR HONOR.

14               DEFENDANT JONES:  NO.

15               THE COURT:  AND ARE YOU PLEADING GUILTY OF YOUR

16  OWN FREE WILL AND VOLUNTARILY?  MR. HARVEY?

17               DEFENDANT HARVEY:  YEAH.

18               THE COURT:  WHAT?

19               DEFENDANT HARVEY:  YES.

20               THE COURT:  OKAY.

21               DEFENDANT JONES:  YES, YOUR HONOR.

22               DEFENDANT CAREY:  YES.

23               THE COURT:  IF YOUR PLEA IS ACCEPTED, YOU WILL

24  BE ADJUDGED GUILTY OF A FELONY OFFENSE, AND THIS WILL

25  CAUSE YOU TO LOSE CERTAIN VALUABLE CIVIL RIGHTS; SUCH AS,

1    THE RIGHT TO VOTE, THE RIGHT TO HOLD PUBLIC OFFICE, THE

2    RIGHT TO SERVE ON A JURY AND THE RIGHT TO POSSESS ANY KIND

3    OF FIREARMS.  KNOWING THESE ADDITIONAL PENALTIES, DO YOU

4    STILL WANT TO PLEAD GUILTY?

5                    DEFENDANT HARVEY:  YES.

6                    DEFENDANT JONES:  YES.

7                    DEFENDANT CAREY:  YES.

8                    THE COURT:  ALL RIGHT.  ALL RIGHT.  LET ME TALK

9    IN GENERAL ABOUT HOW SENTENCING IS DETERMINED.  FIRST,

10   WOULD THE GOVERNMENT PLEASE ADVISE THE DEFENDANTS AS TO

11   THE MAXIMUM POSSIBLE PENALTIES PROVIDED BY LAW FOR THESE

12   OFFENSES TO WHICH THEY'RE PLEADING GUILTY.

13                   MS. SWECKER:  YES, YOUR HONOR.

14                   AS TO MR. HARVEY'S PLEA AGREEMENT IN COUNT 1

15   AND MR. CAREY'S PLEA AGREEMENT IN COUNT 1, THE PENALTIES

16   ARE THE SAME.  THE PUNISHMENT IS A MAXIMUM OF 10 YEARS

17   IMPRISONMENT, A MAXIMUM FINE OF $250,000, A MAXIMUM OF 3

18   YEARS SUPERVISED RELEASE AND A $100 MANDATORY ASSESSMENT

19   FEE.

20                   AS TO MR. JONES, THE PENALTY IN COUNT 1 IS A

21   MINIMUM MANDATORY 10 YEARS UP TO LIFE IMPRISONMENT, A

22   MAXIMUM FINE OF $10 MILLION, A MINIMUM OF 5 YEARS UP TO

23   LIFE ON SUPERVISED RELEASE AND A $100 MANDATORY ASSESSMENT

24   FEE.

25                   AND AS TO COUNT 20, THE PUNISHMENT IS A MINIMUM

1  MANDATORY 5 YEARS UP TO LIFE IMPRISONMENT CONSECUTIVE TO

2  COUNT 1, A MAXIMUM OF A $250,000 FINE, UP TO 5 YEARS

3  SUPERVISED RELEASE AND A $100 SPECIAL ASSESSMENT FEE.

4          THE COURT:  ALL RIGHT.  BEGINNING WITH

5  MR. HARVEY, DO YOU UNDERSTAND THE MAXIMUM SENTENCE THE

6  COURT CAN IMPOSE IN YOUR CASE?

7          DEFENDANT HARVEY:  YES, SIR.

8          DEFENDANT JONES:  YES, SIR.

9          DEFENDANT CAREY:  YES, SIR.

10          THE COURT:  AND FOR, FOR MR. JONES, YOU'RE

11  LOOKING AT A MANDATORY MINIMUM SENTENCE OF 10 YEARS PLUS 5

12  YEARS, SO YOU'RE LOOKING AT A TOTAL MANDATORY, STATUTORY

13  SENTENCE OF 15 YEARS; DO YOU UNDERSTAND THAT?

14          DEFENDANT JONES:  YES, SIR.

15          THE COURT:  OKAY.  ALL RIGHT HERE.  IS

16  RESTITUTION OR FORFEITURE AN ISSUES IN THESE CASE?  I

17  THINK THEY ARE, I THINK I'VE ENTERED A BUNCH OF

18  PRELIMINARY ORDERS OF FORFEITURE.

19          MS. SWECKER:  YES, YOUR HONOR.  SO FOR

20  MR. JONES' CASE THOSE AGREEMENTS REGARDING FORFEITURE ARE

21  SET OUT IN PARAGRAPH 8 OF THE PLEA AGREEMENT.  IT INCLUDES

22  A MONEY JUDGMENT IN THE AMOUNT OF $20,000, AS WELL AS FOUR

23  SPECIFICALLY NAMED FIREARMS WHICH THE DEFENDANT AGREES TO

24  FORFEIT.

25          THE COURT:  OKAY.

1         MR. TAYLOR: YOUR HONOR, FOR MR. CAREY, AGAIN,

2 IN PARAGRAPHS -- IN PARAGRAPH 10 IT'S LAID OUT, BUT

3 THERE'S ALSO AN AGREED PRELIMINARY ORDER OF FORFEITURE

4 THAT I'VE TENDERED TO MS. ROBERTS THIS MORNING.

5         THE COURT: OKAY. ALL RIGHT, SO THAT'S JUST

6 MR. CAREY AND MR. JONES THAT HAS THAT; IS THAT RIGHT, I

7 GUESS?

8         MS. SWECKER: JUST A MOMENT, YOUR HONOR.

9         YES, I DON'T SEE ANY FORFEITURE PROVISIONS IN

10 MR. HARVEY'S CASE.

11         THE COURT: ALL RIGHT, SO FOR MR., MR. JONES

12 AND MR. HARVEY -- CAREY I MEAN, DO YOU UNDERSTAND THAT IN

13 THE APPROPRIATE CASES THE COURT MAY ORDER FORFEITURE OF A

14 CERTAIN AMOUNT OF PROPERTY THAT YOU ALL HAVE AGREED TO,

15 THAT YOU'RE GOING TO END UP GIVING UP YOUR RIGHT TO THE

16 PROPERTY THAT'S OUTLINED IN THE PLEA AGREEMENT?

17         DEFENDANT JONES: YES, SIR.

18         DEFENDANT CAREY: YES, SIR.

19         THE COURT: ALL RIGHT. ALL RIGHT. LET'S TALK

20 ABOUT THIS ADVISORY GUIDELINE RANGE. UNDER THE SENTENCING

21 REFORM ACT OF 1984, THE UNITED STATES SENTENCING

22 COMMISSION HAS ISSUED GUIDELINES FOR JUDGES TO CONSIDER IN

23 DETERMINING SENTENCES IN CRIMINAL CASES. HAVE YOU AND

24 YOUR ATTORNEY TALKED ABOUT HOW THE ADVISORY GUIDELINES

25 MIGHT APPLY TO YOUR CASE? BEGINNING WITH YOU, MR. HARVEY?

1              DEFENDANT HARVEY:  YES.

2              THE COURT:  YOU HAVE, OKAY.

3              DEFENDANT JONES:  YES, SIR.

4              DEFENDANT CAREY:  YES.

5              THE COURT:  AND DO YOU UNDERSTAND THE COURT

6    WILL NOT BE ABLE TO DETERMINE YOUR ADVISORY GUIDELINE

7    RANGE UNTIL AFTER THE PRESENTENCE REPORT HAS BEEN COM-

8    PLETED AND YOU AND THE GOVERNMENT HAVE HAD AN OPPORTUNITY

9    TO REVIEW THAT REPORT AND OBJECT TO ANY OF THE FACTS OR

10   THE CONCLUSIONS THAT ARE CONTAINED IN THAT REPORT?  DO YOU

11   UNDERSTAND THAT, MR. HARVEY?

12             DEFENDANT HARVEY:  YES.

13             THE COURT:  ANSWER THAT AGAIN, PLEASE.

14             DEFENDANT HARVEY:  YES.

15             DEFENDANT JONES:  YES, SIR.

16             DEFENDANT CAREY:  YES, SIR.

17             THE COURT:  OKAY.  IN ADDITION TO THE ADVISORY

18   GUIDELINES, THERE'S ALSO SOMETHING CALLED THE STATUTORY

19   SENTENCING FACTORS.  THEY ARE LISTED IN TITLE 18, SECTION

20   3553(A) OF THE U.S. CODE.  HAVE YOU AND YOUR ATTORNEY

21   TALKED ABOUT HOW THE STATUTORY FACTORS MIGHT APPLY TO YOUR

22   CASE?

23        (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT

24   HARVEY AND HIS ATTORNEY)

25             DEFENDANT HARVEY:  YES.

1        THE COURT:  OKAY.

2        DEFENDANT JONES:  YES, SIR.

3        DEFENDANT CAREY:  YES.

4        THE COURT:  ALL RIGHT.  NOW, AS A GENERAL

5  RULE -- THIS REALLY DOESN'T APPLY TO MR. HARVEY OR

6  MR. JONES BECAUSE YOU ALL HAVE AGREED SENTENCES, BUT FOR

7  MR. CAREY LET ME KIND OF TELL YOU HOW YOUR CASE IS GOING

8  TO BE RESOLVED.  DO YOU UNDERSTAND THAT YOUR SENTENCE WILL

9  BE DETERMINED BY BASICALLY A COMBINATION OF TWO FACTORS --

10 AND DID EVERYBODY ANSWER THAT LAST QUESTION, YOU ALL WENT

11 OVER THE STATUTORY FACTORS OF SENTENCING?  OKAY.  YOUR,

12 YOUR SENTENCE WILL BE DETERMINED BY A COMBINATION OF TWO

13 THINGS.  ONE IS THE CALCULATION OF YOUR ADVISORY GUIDELINE

14 RANGE AND ANY POSSIBLE AUTHORIZED DEPARTURES UNDER THE

15 GUIDELINES; AND, TWO, CONSIDERATION OF THOSE OTHER

16 STATUTORY SENTENCING FACTORS THAT ARE LISTED IN TITLE 18,

17 SECTION 3553(A) OF THE U.S. CODE; DO YOU UNDERSTAND THAT?

18        DEFENDANT CAREY:  YES, SIR.

19        THE COURT:  AND DO YOU UNDERSTAND THAT AFTER

20 THE COURT DETERMINES WHAT YOUR ADVISORY GUIDELINE RANGE

21 IS, I HAVE THE AUTHORITY CONSIDERING THOSE STATUTORY

22 FACTORS TO VARY UP OR VARY DOWN JUST DEPENDING ON HOW I

23 VALUE AND WEIGHT THOSE SENTENCING, STATUTORY SENTENCING

24 FACTORS; DO YOU UNDERSTAND THAT?

25        DEFENDANT CAREY:  YES, SIR.

1          THE COURT:  OKAY.  ALL RIGHT.  TO EACH OF THE

2   COUNSEL, HAVE YOU MADE ANY REPRESENTATIONS TO YOUR CLIENT

3   AS TO WHAT SENTENCE I MIGHT IMPOSE IN THEIR CASE OTHER

4   THAN TO GIVE THEM AN ESTIMATE OF THEIR ADVISORY GUIDELINE

5   RANGE AND, OF COURSE, REGARDING THE SENTENCE AGREED UPON

6   IN THE RULE 11(C)(1)(C) AGREEMENT?

7          MR. HENRY:  I HAVE NOT, YOUR HONOR.

8          THE COURT:  ALL RIGHT.

9          MR. HUDSON:  ONLY AN ESTIMATE, YOUR HONOR.

10         THE COURT:  OKAY.

11         MS. ROBERTS:  NO, YOUR HONOR.

12         THE COURT:  OKAY.  ALL RIGHT, AND TO THE

13  DEFENDANTS, DO YOU UNDERSTAND THE COURT'S NOT BOUND, NOT

14  BOUND BY YOUR ATTORNEY'S ESTIMATE AT ALL; DO YOU

15  UNDERSTAND THAT?

16         DEFENDANT HARVEY:  YEAH.

17         DEFENDANT JONES:  YES, SIR.

18         DEFENDANT CAREY:  YES, SIR.

19         THE COURT:  ALL RIGHT.  AND DO YOU UNDERSTAND,

20  AND THIS IS REALLY FOR MR. CAREY, DO YOU UNDERSTAND THAT

21  YOU WILL NOT BE ABLE TO WITHDRAW YOUR PLEA BECAUSE OF A

22  DIFFERENCE BETWEEN YOUR ATTORNEY'S ESTIMATE AND THE

23  ULTIMATE PUNISHMENT THAT YOU GET?

24         DEFENDANT CAREY:  YES, SIR.

25         THE COURT:  OKAY.  ALL RIGHT.  TO EACH OF YOU,

1    DO YOU UNDERSTAND THAT YOU HAVE THE RIGHT TO PLEAD NOT

2    GUILTY TO ANY OFFENSE CHARGED AGAINST YOU AND TO PERSIST

3    IN THAT PLEA?  DO YOU UNDERSTAND THAT, MR. HARVEY?

4             DEFENDANT HARVEY:  YES.

5             DEFENDANT JONES:  YES, YOUR HONOR.

6             DEFENDANT CAREY:  YES, SIR.

7             THE COURT:  YOU WOULD THEN HAVE THE RIGHT TO A

8    TRIAL BY A JURY; DO YOU UNDERSTAND THAT, MR. HARVEY?

9             DEFENDANT HARVEY:  YEAH.

10             DEFENDANT JONES:  YES, SIR.

11             DEFENDANT CAREY:  YES, SIR.

12             THE COURT:  AND DURING A JURY TRIAL YOU WOULD

13    HAVE THESE ADDITIONAL RIGHTS:  YOU WOULD HAVE THE RIGHT TO

14    BE PRESUMED INNOCENT AND THE GOVERNMENT WOULD HAVE TO

15    PROVE YOU GUILTY BEYOND A REASONABLE DOUBT.  YOU WOULD

16    HAVE THE RIGHT TO THE ASSISTANCE OF COUNSEL APPOINTED BY

17    THE COURT IF NECESSARY AT TRIAL AND AT EVERY OTHER STAGE

18    IN YOUR CASE.  YOU WOULD HAVE THE RIGHT TO SEE AND HEAR

19    ALL THE WITNESSES AND HAVE THEM CROSS-EXAMINED IN YOUR

20    DEFENSE.  YOU WOULD HAVE THE RIGHT ON YOUR OWN PART NOT TO

21    TESTIFY UNLESS YOU CHOSE TO DO SO IN YOUR OWN DEFENSE.

22    YOU WOULD HAVE THE RIGHT TO PRESENT EVIDENCE IN YOUR

23    DEFENSE, AND YOU'D HAVE THE RIGHT TO COMPEL THE ATTENDANCE

24    OF WITNESSES TO TESTIFY ON YOUR BEHALF IN YOUR OWN

25    DEFENSE.  DO YOU UNDERSTAND YOU'D HAVE THOSE RIGHTS, THOSE

1  ADDITIONAL RIGHTS?

2              DEFENDANT HARVEY:  YES.

3              DEFENDANT JONES:  YES, YOUR HONOR.

4              DEFENDANT CAREY:  YES, SIR.

5              THE COURT:  DO YOU UNDERSTAND THAT BY ENTERING

6  A PLEA OF GUILTY, IF THE PLEA IS ACCEPTED, THERE WILL BE

7  NO TRIAL AND THAT YOU WILL HAVE GIVEN UP THE RIGHT TO A

8  TRIAL OF ANY KIND, AS WELL AS THOSE OTHER RIGHTS

9  ASSOCIATED WITH A TRIAL THAT I JUST LISTED FOR YOU; DO YOU

10  UNDERSTAND THAT, MR. HARVEY?

11             DEFENDANT HARVEY:  YES.

12             THE COURT:  YOU DO?  OKAY.

13             DEFENDANT JONES:  YES, YOUR HONOR.

14             DEFENDANT CAREY:  YES, SIR.

15             THE COURT:  AND DO YOU UNDERSTAND THAT YOU'LL

16  BE GIVING UP THE RIGHT NOT TO BE COMPELLED TO INCRIMINATE

17  YOURSELF AND THE RIGHT TO REQUIRE THE UNITED STATES TO

18  PROVE YOU GUILTY BEYOND A REASONABLE DOUBT?  MR. HARVEY?

19             DEFENDANT HARVEY:  YEAH.

20             THE COURT:  ARE YOU LISTENING TO ME?

21             DEFENDANT HARVEY:  YES.

22             THE COURT:  OKAY.  BECAUSE EVERY TIME I'M

23  ASKING YOU A QUESTION, I HAVE TO TELL YOU TO ANSWER IT,

24  AND THAT'S GIVING ME A LITTLE BIT OF PAUSE.  YOU CAN

25  UNDERSTAND THAT; RIGHT?  I MEAN, I'M JUST WONDERING IF

1   YOU'RE WITH ME OR WHETHER WE NEED TO JUST KIND OF TAKE A
2   BREAK AND LET YOU KIND OF COLLECT YOUR THOUGHTS AND MAYBE
3   START AGAIN ANOTHER TIME, BUT IT'S REALLY HARD TO DO THIS
4   IF YOU'RE NOT PAYING ATTENTION.
5           DEFENDANT HARVEY:  I APOLOGIZE.  I APOLOGIZE,
6   I'M JUST -- I APOLOGIZE.
7           THE COURT:  OKAY.
8           MR. HENRY:  HE'S LISTENING, YOUR HONOR; BUT
9   JUST MAKE SURE YOU LOOK AT THE JUDGE WHEN HE'S TALKING TO
10  YOU.  HE'S LISTENING.
11          THE COURT:  OKAY.  ALL RIGHT.  DO YOU UNDER-
12  STAND YOU'RE GOING TO GIVE UP THE RIGHT NOT TO BE
13  COMPELLED TO INCRIMINATE YOURSELF AND THE RIGHT TO REQUIRE
14  THE UNITED STATES TO PROVE YOU GUILTY BEYOND A REASONABLE
15  DOUBT; DO YOU UNDERSTAND THAT?
16          DEFENDANT HARVEY:  YES.
17          THE COURT:  OKAY.
18          DEFENDANT JONES:  YES, YOUR HONOR.
19          DEFENDANT CAREY:  YES, SIR.
20          THE COURT:  OKAY.  ALL RIGHT.  LET'S START WITH
21  MR. HARVEY HERE.  MR. HARVEY, I'VE BEEN ADVISED THAT YOU
22  ARE PLEADING GUILTY TO BEING A FELON IN POSSESSION OF A
23  FIREARM, IN VIOLATION OF TITLE 18, SECTION 922(G)(1) OF
24  THE U.S. CODE.  I'M GOING TO TELL YOU WHAT THE GOVERNMENT
25  HAS TO PROVE BEYOND A REASONABLE DOUBT TO PROVE YOU

1    GUILTY, OKAY, TO MAKE SURE YOU UNDERSTAND THAT.

2              TO BE CONVICTED OF THIS OFFENSE, THE GOVERNMENT

3    HAS TO PROVE THE FOLLOWING THINGS:  NUMBER ONE, THAT YOU

4    HAVE BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT

5    OF MORE THAN ONE YEAR; NUMBER TWO, THAT YOU FOLLOWING YOUR

6    CONVICTION, YOU KNOWINGLY POSSESSED THE FIREARMS SPECIFIED

7    IN THE INDICTMENT, IN THIS PARTICULAR CASE IT'S A RUGER

8    SECURITY 9, 9 MILLIMETER HANDGUN; NUMBER THREE, THAT YOU

9    AT THE TIME YOU POSSESSED THAT FIREARM, YOU KNEW THAT YOU

10   HAD BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT

11   FOR MORE THAN ONE YEAR; AND, NUMBER FOUR, THAT THE FIREARM

12   PREVIOUSLY HAD BEEN SHIPPED IN INTERSTATE COMMERCE.  DO

13   YOU UNDERSTAND WHAT THE GOVERNMENT WOULD HAVE TO PROVE

14   BEYOND A REASONABLE DOUBT TO CONVICT YOU OF THAT OFFENSE?

15             DEFENDANT HARVEY:  YES, I DO, YOUR HONOR.

16             THE COURT:  OKAY.  ALL RIGHT.  LET ME JUST

17   FINISH YOUR CASE UP.  HOW DO YOU PLEAD TO COUNT 1 WHICH

18   CHARGES YOU WITH BEING A FELON IN POSSESSION OF A FIREARM?

19             MR. HENRY:  HOW DO YOU PLEAD TO COUNT 1?

20             DEFENDANT HARVEY:  DANG.

21             THE COURT:  ALL RIGHT.  THAT'S NOT A HARD

22   QUESTION.  I MEAN, I'M NOT GOING TO TAKE YOUR GUILTY PLEA

23   IF YOU ARE WAVERING ON THAT QUESTION, OKAY?

24             DEFENDANT HARVEY:  ALL RIGHT.

25             THE COURT:  I MEAN, I WAS TOLD THAT YOU WERE

1   INTERESTED IN CHANGING YOUR PLEA TO A PLEA OF GUILTY, SO I

2   HAVE TO ASK YOU WHETHER OR NOT YOU'RE GOING TO CHANGE YOUR

3   PLEA AND WHAT YOUR PLEA IS; BUT IF YOU DON'T FEEL COMFORT-

4   ABLE, IT'S OKAY, WE CAN SET YOUR CASE FOR TRIAL AND WE'LL

5   GET IT RESOLVED THAT WAY, OKAY?

6            DEFENDANT HARVEY:  YES, SIR.

7            THE COURT:  ALL RIGHT.  IS THAT WHAT YOU WOULD

8   LIKE?

9            DEFENDANT HARVEY:  YES.

10           THE COURT:  OKAY.  ALL RIGHT.  ALL RIGHT, SO

11  FOR MR. HARVEY THEN WE'RE NOT GOING TO TAKE HIS GUILTY

12  PLEA, I GUESS.

13          MR. HENRY:  BRIEF INDULGENCE, YOUR HONOR?

14          THE COURT:  THAT'S ALL WE'VE BEEN DOING THIS

15  MORNING.

16    (OFF-THE-RECORD DISCUSSION BETWEEN MR. HARVEY AND MS.

17  ROBERTS)

18          MR. HENRY:  YOUR HONOR, WE WOULD ASK FOR SOME

19  ADDITIONAL TIME TO TALK TO MR. HARVEY SOME MORE.

20          THE COURT:  I THINKS THAT'S PROBABLY A GOOD

21  IDEA.

22          MR. HENRY:  THANK YOU, YOUR HONOR.

23          THE COURT:  I HAVE BEEN WANTING TO SAY THAT

24  SINCE HE LOOKED AT ME THE FIRST TIME THIS MORNING BECAUSE

25  HE'S, HE IS, HE -- I HAVE SOME CONCERNS ABOUT HIM THIS

1   MORNING, I CAN TELL YOU THAT.  I THINK YOU CAN SEE IT.

2           MR. HENRY:  ME AS WELL, YOUR HONOR, ME AS

3   WELL.

4           THE COURT:  ALL RIGHT.  MR. HARVEY, YOU'RE

5   GOING TO BE REMANDED TO THE CUSTODY OF THE U.S. MARSHAL,

6   AND WE WILL -- I'M GOING TO GIVE YOU A LITTLE BIT OF TIME

7   TO TALK TO HIM, AND THEN WE CAN RESET HIS CHANGE OF PLEA

8   OR WE CAN SET IT FOR TRIAL.  I'M NOT SURE -- I'M SURE IT'S

9   ALREADY SET FOR TRIAL; ISN'T IT?

10          THE CLERK:  TODAY.

11          THE COURT:  TODAY.

12          MR. HENRY:  WE WOULD ASK THAT IT BE RESET FOR

13   CHANGE OF PLEA, YOUR HONOR; AND IF AT THAT TIME, MAYBE

14   JUST EXTEND THE PLEA BY DATE AND/OR TRIAL DATE, I WOULD

15   LIKE TO TALK TO MY SENIOR ATTORNEY ON THIS CASE WHO HAS

16   BEEN HELPING ME WITH THIS CASE, WE JUST NEED TO SIT DOWN

17   AND TALK TO MR. HARVEY SOME MORE.

18          THE COURT:  LET'S SEE HERE.  WELL, I'VE GOT

19   CONCERNS FOR THE SPEEDY TRIAL ACT, OBVIOUSLY.

20          MR. HENRY:  YES, SIR.

21          THE COURT:  HIS TRIAL WAS TODAY, AND THEN THE

22   ONLY THING THAT'S BEEN EXCLUDED IS UP TO TODAY FOR THE

23   SPEEDY TRIAL ACT, SO DO YOU WANT, DO YOU WANT A

24   CONTINUANCE OF THE TRIAL AND, TO SPEND MORE TIME GOING

25   OVER THIS PLEA AGREEMENT WITH HIM?

1        MR. HENRY:  I DO, YOUR HONOR.  AND, OF COURSE,

2   I WOULD HAVE TO MAKE SURE MR. HARVEY AGREES WITH THAT, BUT

3   THAT'S WHAT COUNSEL REQUESTS ON HIS BEHALF.

4        WE NEED MORE TIME.  IF YOU WANT A TRIAL, YOU'RE

5   NOT READY TO GO TO TRIAL TODAY, SO EITHER WAY WE NEED A

6   CONTINUANCE.

7        (OFF-THE-RECORD DISCUSSION BETWEEN DEFENDANT HARVEY

8   AND HIS COUNSEL)

9        MR. HENRY:  YOUR HONOR, WE WOULD ASK FOR A

10  CONTINUANCE.

11        THE COURT:  ALL RIGHT.  IT SEEMS TO ME THAT A

12  CONTINUANCE WOULD BE APPROPRIATE, AND I'LL EXCLUDE UNDER

13  THE SPEEDY TRIAL ACT BECAUSE YOU'RE NOT READY TO GO TO

14  TRIAL.

15        MR. HENRY:  NO, SIR.

16        THE COURT:  YOU WOULD NEED TIME TO PREPARE --

17        MR. HENRY:  YES, SIR.

18        THE COURT:  -- AND TO MEET WITH HIM BECAUSE,

19  YOUR, I THINK, UNDERSTANDING WAS HE WAS GOING TO CHANGE

20  HIS PLEA TODAY.

21        MR. HENRY:  YES, SIR.

22        THE COURT:  SO I'M GOING TO EXCLUDE UNDER THE

23  SPEEDY TRIAL ACT ALL THE TIME FROM TODAY UNTIL -- CAN WE

24  JUST SET THIS?  WHAT DO YOU RECOMMEND, SET IT NEXT MONTH

25  FOR TRIAL?  WE HAVE TO GIVE A SPECIFIED TIME.  GIVE ME A

1    JULY TRIAL DATE.

2              THE CLERK:  JULY 19TH.

3              THE COURT:  ALL RIGHT.  I'M GOING TO SET THIS

4    FOR JULY 19TH FOR A JURY TRIAL, AND I WILL EXCLUDE ALL THE

5    TIME FROM HERE UNTIL JULY THE 19TH, I WILL ENTER AN ORDER

6    ON THAT TOO; AND IF, IF YOU ARE READY AND IF YOU ALL ARE,

7    YOU KNOW, IF YOU -- I'M GOING TO ASSUME IT'S A TRIAL, BUT

8    IF IN THE MEANTIME YOU TALK WITH THE UNITED STATES AND

9    YOU'RE READY FOR A CHANGE OF PLEA, JUST LET US KNOW, YOU

10   CAN REACH OUT TO OUR CHAMBERS, AND WE WILL SCHEDULE IT FOR

11   YOU, OKAY?

12             MR. HENRY:  YES, SIR.

13             THE COURT:  BUT IF I DON'T HEAR FROM ANYBODY,

14   I'M JUST GOING TO -- WE'LL TRY THE CASE IN JULY --

15             MR. HENRY:  YES, SIR.

16             THE COURT:  -- OKAY?  ALL RIGHT.  HE CAN BE

17   REMOVED FROM THE COURTROOM NOW.

18             MR. HENRY:  DO WE HAVE A WEEK SET CERTAIN IN

19   JULY, YOUR HONOR?

20             THE COURT:  JULY 19TH.

21             MR. HENRY:  19TH, THANK YOU.

22             THE COURT:  YEAH.

23             ALL RIGHT.  THANK YOU, MR. HENRY.

24             MR. HENRY:  THANK YOU, YOUR HONOR.

25             THE COURT:  ALL RIGHT.  NOW, LET'S SEE IF WE

1 CAN GET THROUGH THE REST OF THESE.

2         MR. JONES, THE COUNT'S ADVISED THAT YOU ARE

3 PLEADING GUILTY TO TWO OFFENSES.  ONE IS THE OFFENSE OF

4 CONSPIRACY -- WELL, DID I MISS ANYTHING ON ASKING HIM

5 QUESTIONS?  DID I GO THROUGH THAT FOR EVERY -- BECAUSE I

6 KIND OF GOT DERAILED HERE.  DID I ANSWER -- DID THEY

7 ANSWER THAT THEY UNDERSTOOD ALL THE RIGHTS ABOUT THE JURY

8 TRIAL?

9         MR. HUDSON:  YES, YOUR HONOR.

10         THE COURT:  OKAY.  ALL RIGHT.  THIS HAS KIND OF

11 THROWN ME FOR A LOOP.

12         MS. SWECKER:  US AS WELL.

13         MR. MCCAULEY:  YOUR HONOR, I HAVE A QUESTION,

14 WE ALSO HAD A SUPERVISED RELEASE FINAL HEARING SET FOR

15 MR. HARVEY.

16         THE COURT:  WELL, THAT WILL BE CONTINUED TO

17 JULY 19TH.

18         MR. MCCAULEY:  THANK YOU, YOUR HONOR.

19         THE COURT:  YEAH.

20         ALL RIGHT.  MR. JONES, I'VE BEEN ADVISED THAT

21 YOU ARE PLEADING GUILTY TO COUNT 1 OF THE INDICTMENT WHICH

22 CHARGES YOU WITH A CONSPIRACY TO DISTRIBUTE 50 GRAMS OR

23 MORE OF METHAMPHETAMINE, THAT IS IN VIOLATION OF TITLE 21,

24 SECTIONS 846, 841(A)(1) AND (B)(1)(A) OF THE U.S. CODE;

25 AND YOU'RE PLEADING GUILTY TO COUNT 20, WHICH CHARGES YOU

1   WITH POSSESSING A FIREARM IN FURTHERANCE OF A DRUG

2   TRAFFICKING OFFENSE, THAT'S IN VIOLATION OF TITLE 18,

3   SECTION 924(C)(1)(A) OF THE U.S. CODE.  I'M GOING TO

4   REVIEW WITH YOU NOW THE ELEMENTS OF THOSE OFFENSES, OKAY,

5   SO THAT YOU UNDERSTAND WHAT THE GOVERNMENT HAS TO PROVE

6   BEYOND A REASONABLE DOUBT TO OBTAIN A CONVICTION FOR THIS

7   OFFENSE, OKAY?

8               DEFENDANT JONES:  YES, SIR.

9               THE COURT:  NOW, TO BE CONVICTED TO -- OF COUNT

10  1, THE GOVERNMENT WOULD HAVE TO PROVE THAT TWO OR MORE

11  PERSONS DIRECTLY OR INDIRECTLY REACHED AN AGREEMENT TO

12  DISTRIBUTE METHAMPHETAMINE AS CHARGED IN THE INDICTMENT;

13  NUMBER TWO, THAT YOU KNEW OF THE UNLAWFUL PURPOSE OF THE

14  AGREEMENT; NUMBER THREE, THAT YOU JOINED IN THE AGREEMENT

15  WILLFULLY, THAT IS WITH THE INTENT TO FURTHER ITS UNLAWFUL

16  PURPOSE; AND, FOUR, THAT THE OVERALL SCOPE OF THE

17  CONSPIRACY INVOLVED 50 GRAMS OR MORE OF METHAMPHETAMINE.

18  DO YOU UNDERSTAND WHAT THE GOVERNMENT WOULD HAVE TO PROVE

19  FOR THAT OFFENSE?

20              DEFENDANT JONES:  YES, SIR.

21              THE COURT:  AND FOR COUNT 20, POSSESSING A

22  FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME, THEY

23  WOULD HAVE TO PROVE THE FOLLOWING ELEMENTS:  THAT YOU

24  COMMITTED THE CRIME CHARGED IN COUNT 1, WHICH IS THE

25  CONSPIRACY TO DISTRIBUTE 50 GRAMS OR MORE OF METH; SECOND,

1    THAT YOU KNOWINGLY POSSESSED A FIREARM; AND, NUMBER THREE,

2    THAT THE POSSESSION OF THAT FIREARM WAS IN FURTHERANCE OF

3    THE DRUG TRAFFICKING CRIME CHARGED IN COUNT 1.  DO YOU

4    UNDERSTAND WHAT THEY'D HAVE TO PROVE FOR THAT OFFENSE?

5                DEFENDANT JONES:  YES, SIR.

6                THE COURT:  ALL RIGHT.  WELL, THEN LET ME ASK

7    YOU HOW DO YOU PLEAD TO COUNT 1 WHICH CHARGES YOU WITH A

8    CONSPIRACY TO DISTRIBUTE 50 GRAMS OR MORE OF

9    METHAMPHETAMINE?

10               DEFENDANT JONES:  GUILTY.

11               THE COURT:  AND DO YOU UNDERSTAND WHAT YOU'RE

12    PLEADING GUILTY TO?

13               DEFENDANT JONES:  YES, SIR.

14               THE COURT:  AND ARE YOU OFFERING TO PLEAD

15    GUILTY BECAUSE ARE YOU IN FACT GUILTY OF THAT OFFENSE?

16               DEFENDANT JONES:  YES, SIR.

17               THE COURT:  NOW, HOW DO YOU PLEAD TO COUNT 20

18    WHICH CHARGES YOU WITH POSSESSING A FIREARM IN FURTHERANCE

19    OF A DRUG TRAFFICKING CRIME?

20               DEFENDANT JONES:  GUILTY.

21               THE COURT:  AND DO YOU ALSO UNDERSTAND WHAT

22    YOU'RE PLEADING GUILTY TO WITH RESPECT TO THAT?

23               DEFENDANT JONES:  YES, SIR.

24               THE COURT:  AND ARE YOU OFFERING TO PLEAD

25    GUILTY TO COUNT 20 BECAUSE ARE YOU IN FACT GUILTY OF THAT

1   OFFENSE?

2           DEFENDANT JONES:  YES, SIR.

3           THE COURT:  ALL RIGHT.  NOW, DO YOU UNDERSTAND

4   THAT PURSUANT TO YOUR PLEA AGREEMENT UNDER RULE

5   11(C)(1)(C) IF I DO ACCEPT IT, YOU WILL RECEIVE A SENTENCE

6   OF 240 MONTHS AS OUTLINED IN YOUR PLEA AGREEMENT?

7           DEFENDANT JONES:  THAT'S CORRECT.

8           THE COURT:  IS THAT YOUR UNDERSTANDING OF WHAT

9   YOUR AGREEMENT IS?

10           DEFENDANT JONES:  YES, SIR.

11           THE COURT:  OKAY.  NOW, FOR MR. CAREY -- LET'S

12   SEE HERE.  MR. CAREY, I'VE BEEN ADVISED THAT YOU'RE

13   PLEADING GUILTY TO COUNT 5, WHICH IS POSSESSING A FIREARM

14   BY AN UNLAWFUL USER, AN ADDICT, OF A CONTROLLED SUBSTANCE.

15   THAT WOULD BE IN VIOLATION OF TITLE 18, SECTION 922(G)(3)

16   OF THE U.S. CODE.  I'M GOING TO REVIEW WITH YOU NOW THOSE

17   ELEMENTS FOR COUNT 5.  TO BE CONVICTED OF THAT OFFENSE,

18   THE GOVERNMENT WOULD HAVE TO PROVE BEYOND A REASONABLE

19   DOUBT THAT:  FIRST, THAT YOU ARE AN UNLAWFUL USER OF A

20   CONTROLLED SUBSTANCE, WHICH MEANS THAT YOU REGULARLY AND

21   REPEATEDLY USE A CONTROLLED SUBSTANCE IN A MANNER OTHER

22   THAN AS PRESCRIBED BY A LICENSED PHYSICIAN; SECOND, THAT

23   YOU KNOWINGLY POSSESSED THE FIREARM SPECIFIED IN THE

24   INDICTMENT, IN THIS PARTICULAR CASE IT'S A DAVIS

25   INDUSTRIES MODEL P32, .32 CALIBER PISTOL; THIRD, THAT YOU

1    AT THE TIME YOU POSSESSED THE FIREARM KNEW YOU WERE AN

2    UNLAWFUL USER OF A CONTROLLED SUBSTANCE; AND, FOURTH, THAT

3    THE FIREARM PREVIOUSLY HAD BEEN SHIPPED OR TRANSPORTED

4    FROM ONE STATE TO ANOTHER.  DO YOU UNDERSTAND WHAT THE

5    GOVERNMENT WOULD HAVE TO PROVE TO CONVICT YOU OF THAT

6    OFFENSE?

7              DEFENDANT CAREY:  YES, SIR, YOUR HONOR.

8              THE COURT:  ALL RIGHT.  SO HOW DO YOU PLEAD TO

9    COUNT 5, WHICH CHARGES YOU WITH BEING IN POSSESSION OF A

10   FIREARM BY AN UNLAWFUL USER, AN ADDICT, OF A CONTROLLED

11   SUBSTANCE, IN VIOLATION OF TITLE 18, SECTION 922(G)(3)?

12             DEFENDANT CAREY:  COULD I HAVE ONE SECOND?

13             THE COURT:  YEAH, UH-HMM.

14        (OFF-THE-RECORD DISCUSSION BETWEEN THE DEFENDANT

15   CAREY AND HIS ATTORNEY)

16             MS. ROBERTS:  WE JUST NEEDED SOME

17   CLARIFICATION, JUDGE.  HE'S READY TO ANSWER NOW.

18             THE COURT:  ALL RIGHT.  HOW DO YOU PLEAD TO

19   COUNT 5 WHICH CHARGES YOU WITH BEING IN POSSESSION OF A

20   FIREARM BY AN UNLAWFUL USER, AN ADDICT, OF A CONTROLLED

21   SUBSTANCE?

22             DEFENDANT CAREY:  GUILTY.

23             THE COURT:  AND DO YOU UNDERSTAND WHAT YOU'RE

24   PLEADING GUILTY TO?

25             DEFENDANT CAREY:  YES, SIR.

1           THE COURT:  AND ARE YOU OFFERING TO PLEAD

2    GUILTY BECAUSE YOU ARE IN FACT GUILTY OF THAT OFFENSE?

3           DEFENDANT CAREY:  YES, SIR.

4           THE COURT:  ALL RIGHT.  ANYBODY HAVE ANY

5    QUESTIONS?  ANYBODY HAVE ANY -- ANYTHING ELSE FROM

6    ANYBODY?

7           MR. HUDSON:  NO, YOUR HONOR.

8           THE COURT:  ALL RIGHT.  THE COURT HAS OBSERVED

9    THE APPEARANCE OF THESE TWO DEFENDANTS, AND BASED ON THEIR

10   RESPONSIVENESS TO THE QUESTIONS ASKED AND THE OBSERVA-

11   TIONS, THE COURT WILL MAKE THE FOLLOWING FINDINGS:  THE

12   DEFENDANTS ARE FULLY COMPETENT AND CAPABLE OF ENTERING AN

13   INFORMED GUILTY PLEA; THEY ARE NOT UNDER THE APPARENT

14   INFLUENCE OF NARCOTICS, OTHER DRUGS OR ALCOHOL; THEY ARE

15   AWARE OF THE NATURE OF THE CHARGES AND THE CONSEQUENCES OF

16   THE PLEA AND THE MAXIMUM PENALTIES PROVIDED BY LAW FOR

17   THESE OFFENSES; THEY HAVE KNOWINGLY WAIVED THEIR CONSTI-

18   TUTIONAL RIGHTS TO A TRIAL AND THE OTHER RIGHTS ACCORDED

19   TO PERSONS ACCUSED OF A CRIME; THEY HAVE OFFERED TO PLEAD

20   GUILTY KNOWINGLY AND VOLUNTARILY, AND IT IS SUPPORTED BY

21   AN INDEPENDENT BASIS IN FACT CONTAINING EACH OF THE

22   ESSENTIAL ELEMENTS OF THE OFFENSES.

23           ACCORDINGLY, MR. CAREY, YOU ARE HEREBY ADJUDGED

24   GUILTY OF COUNT 5 OF THE INDICTMENT, WHICH CHARGES YOU

25   WITH POSSESSION OF A FIREARM BY AN UNLAWFUL USER OF A

1   CONTROLLED -- OR ADDICT OF A CONTROLLED SUBSTANCE, IN

2   VIOLATION OF TITLE 18, SECTION 922(G)(3).

3           AND, MR. JONES, YOU ARE HEREBY ADJUDGED GUILTY

4   OF A, COUNT 1 WHICH CHARGES YOU WITH A CONSPIRACY TO

5   DISTRIBUTE 50 GRAMS OR MORE OF METHAMPHETAMINE AND COUNT

6   20 WHICH CHARGES YOU WITH POSSESSING A FIREARM IN

7   FURTHERANCE OF A DRUG TRAFFICKING OFFENSE.

8           FOR MR. JONES, IS SEPTEMBER THE 8TH AT 10:00

9   A.M. A GOOD DATE FOR YOU?

10          MR. HUDSON:  IT IS, YOUR HONOR.

11          THE COURT:  AND FOR MR. CAREY, HOW IS SEPTEMBER

12  8TH AT 11:00, WILL THAT WORK?

13          MS. ROBERTS:  YES, YOUR HONOR.

14          THE COURT:  ALL RIGHT.  THEIR SENTENCINGS WILL

15  BE SET THEN.

16          BOTH DEFENDANTS WERE PREVIOUSLY DETAINED, SO

17  THEY'LL BE REMANDED TO THE CUSTODY OF THE U.S. MARSHAL

18  PENDING THEIR SENTENCINGS, AND WE'LL SEE YOU BACK HERE

19  THEN.

20          THANK YOU ALL.

21      (PROCEEDINGS ARE CONCLUDED AT 9:17 A.M.)

22  I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

23  THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

24
    KAREN J. BRADLEY/S                    06/08/2022
25  SIGNATURE OF COURT REPORTER           DATE