UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 2:21-CR-138 |
| v. | ) |
| | ) JUDGE CORKER |
| ANTONIO MARK HARVEY | ) |

## PLEA AGREEMENT PURSUANT TO FRCP 11(c)(1)(C)

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Antonio Harvey, and the defendant's attorney, Michael Henry, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

a) Count One: the defendant, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, namely, a Ruger model Security 9, 9 millimeter handgun, which had been shipped and transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

The maximum punishment for this offense is as follows: a term of imprisonment up to 10 years, a $250,000 fine, up to three (3) years' supervised release, and a $100 mandatory assessment fee.

2. There are no remaining Counts as in this indictment as to the defendant.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. Specifically, the elements of the offense(s) are as follows:

Count One:

a) That the defendant has been convicted of a crime punishable by imprisonment for more than one year;

b) That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment;

c) That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and,

d) That the specified firearm crossed a state line prior to the alleged possession.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) On October 28, 2021, officers with the Johnson City, Tennessee Police Department were dispatched to 116 Alabama Street, the parking area for the Tweetsie Trail, in reference to possible drug activity. The complainant advised that the subjects in a red Toyota Camry and a Green Jeep Cherokee appeared to be involved in drug activity. When officers arrived, they observed three individuals seated in both vehicles. When an officer approached the Camry, he discovered two juveniles in the front seat and the defendant seated in the back seat. The officer noticed a strong odor of marijuana coming from within the vehicle. The officer recognized the defendant and was aware that he had an outstanding warrant for violation of parole. The officer observed the defendant slide a plastic container under a car seat that was beside him. The defendant was asked to step out of the vehicle and was taken into custody. The vehicle was searched and approximately four grams of marijuana were recovered from the plastic container. The defendant informed the officers that he

2

had arrived in the Cherokee. A canine officer conducted a sniff of the exterior of the Cherokee and alerted to the presence of narcotics. Officers searched the vehicle and found small amounts of crack cocaine, methamphetamine, a digital scale, and multiple small baggies. The female that had been in the vehicle was advised of her *Miranda* rights and informed the officers that the Cherokee belonged to her. She then informed the officers that the defendant had been carrying a black backpack that was located within the vehicle. When officers searched the backpack, they found a loaded Ruger 9mm handgun, approximately 54 grams of marijuana, several small baggies, and two credit cards with the defendant's name on them.

    b)    The defendant now admits to the possession of the handgun.

    c)    The defendant further admits and stipulates that at the time he possessed the firearm, he knew that he had been convicted of a crime punishable by imprisonment for more than one year, specifically, the defendant was convicted on February 20, 2020, of possession with intent to distribute methamphetamine in case number 2:18-CR-0010 in United States District Court for the Eastern District of Tennessee.

    d)    The defendant stipulates that the firearm was not manufactured in Tennessee and is a modern firearm as contemplated by federal law.

5.    The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a)    the right to plead not guilty;

    b)    the right to a speedy and public trial by jury;

    c)    the right to assistance of counsel at trial;

    d)    the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

3

Case 2:21-cr-00138-DCLC-CRW   Document 20   Filed 06/30/22   Page 3 of 8   PageID #: 124

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that, regardless of the applicable advisory Guidelines range, a sentence of **55 months** of imprisonment on Count One is the appropriate disposition of this case. Additionally, the Court may impose any length and term of supervised release, lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

The defendant also has a pending proceedings in case number 2:18-CR00110-001 for a violation of supervised release. The defendant and the United States agree that a sentence of **12 months** of imprisonment is the appropriate disposition of that case. The defendant and the United States further agree that the sentence in this case and the sentence in case number 2:18-CR00110-001 shall run consecutively, for an effective sentence of **67 months** of imprisonment.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any

4

additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The

5

defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c)    If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10.    The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this plea agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a)    The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b)    The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The

6

defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though

7

there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON, III
UNITED STATES ATTORNEY

6/30/22
Date

By: _____
THOMAS MCCAULEY
Assistant U.S. Attorney

_____
Date

_____
ANTONIO HARVEY
Defendant

6-29-22
Date

_____
CAMERON C. KUHLMAN
Attorney for the Defendant

6-30-22
Date

_____
MICHAEL HENRY
Attorney for the Defendant

8